LEE COTTON, PLAINTIFF-RESPONDENT, v. N. NELSON KEEN, INDIVIDUALLY AND AS A CO-PARTNER, FORMERLY DOING BUSINESS UNDER THE FIRM NAME OF TAMELING, KEEN & COMPANY, DEFENDANT-APPELLANT, AND GERALD P. TAMELING AND ARTHUR W. RINKE, INDIVIDUALLY AND AS CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF TAMELING, KEEN & COMPANY, DEFENDANTS.

Argued January 19, 1938—Decided July 27, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the defendant-appellant, *Hobart, Minard & Cooper* (*George S. Hobart* and *Augustine J. Kelly,* of counsel).

For the plaintiff-respondent, *Frederick P. Schenck* (*Alfred H. Holbrook,* of the New York bar, of counsel).

PER CURIAM.

This is an appeal from a verdict directed by the Essex County Circuit Court against N. Nelson Keen as a member of the firm of Tameling, Keen & Company, for $2,340 and costs.

The action was brought by the plaintiff, a New York attorney, to recover $3,500 for legal services rendered in an action in the Supreme Court of New York.

The undisputed evidence at the trial of this case at the Essex Circuit showed that the defendant's stock brokerage firm consisted of three persons, Keen, Tameling and Rinke, and that the firm was dissolved in 1926; that one Beatson owed the firm the sum of $10,500; that in 1934 one of the surviving partners, Tameling, as a part of his duties in winding up the partnership business, retained the firm of Van Doren, Dreyer & Cotton to collect the claim upon a contingent agreement fee of one-third of any amount collected by settlement or otherwise; that this New York firm of attorneys, of which plaintiff was one of the partners, began an action against Beatson in the New York Supreme Court and succeeded in recovering $10,500 from Beatson in full satisfaction of the claim; that after that action was begun Keen and Rinke began an action in the Supreme Court against Tameling for an accounting as to transactions of the stock brokerage firm of Tameling, Keen & Company, and prayed that defendant Keen be appointed receiver of the firm, and that an injunction be granted forbidding the prosecution of the action against Beatson; that in that action plaintiff's law firm also represented Tameling; that while these two actions were being prosecuted plaintiff's law firm was dissolved and the plaintiff herein was substituted as attorney in each action in place of his firm; that thereupon the surviving partner,

Tameling, made the same agreement with plaintiff in the Beatson action, that he should receive one-third of any amount collected as contingent fee for his services in recovering the claim; that thereafter Tameling succeeded in the accounting action in defeating Keen's prayer for injunction prohibiting the action against Beatson, and also succeeded in getting himself appointed receiver for the partnership instead of Keen, with express instructions from the court to prosecute and recover the claim against Beatson; that as soon as an interlocutory decree had been entered in the Supreme Court appointing Tameling receiver, he renewed his agreement for the contingent fee with plaintiff, who proceeded to make a motion to substitute the receiver as party plaintiff in the Beatson action, whereupon Beatson, before any order was entered upon that motion or any substitution of the party plaintiff was made, settled the claim by paying $10,500 to plaintiff in cash, and plaintiff turned the money over to the receiver Tameling, and thereupon the receiver, pursuant to the instructions of the court, distributed the money to the three partners according to their respective shares of the net proceeds; that plaintiff applied to the Supreme Court of New York to have his fee determined and paid by the receiver with the result that the court awarded plaintiff $1,250 for his services to the receiver, but by the decree provided that it was "without prejudice to the right of Lee Cotton to prosecute any claim for legal services that he may have against the partnership of Tameling, Keen & Company, or against the surviving partners thereof."

Now the defendant-appellant who was personally served in the case at bar, and against whom the judgment was directed (the other named defendants not being served) contends first, that the trial court erred in refusing to grant defendant's motion for nonsuit. We can see no merit in that contention. We think that Tameling, as surviving general partner of the firm of Tameling, Keen & Company, had power to bind his co-partners in employing the attorney to prosecute on a contingent fee the claim, which prosecution resulted in its collection. The expert testimony at the trial that such power

existed was undisputed. See, also, *Matter of New York (Allen St.)*, 266 *N. Y. Supp.* 277. Moreover, the testimony and factual situation which we have outlined being undisputed stood in the way of any nonsuit. It seems to be well settled that an attorney who performs such services may recover therefor. The defendant seems to argue that the plaintiff failed to carry out his contract, or that if he did, he performed a useless labor. We deem it to be a sufficient answer to say that the undisputed evidence was to the contrary, and we think that the suggestion that the plaintiff abandoned his contract, is likewise wholly without substance. Furthermore, it appears that the court below did not actually pass upon the motion to nonsuit by granting or denying it, and defendant's counsel took no exception to the failure to dispose of that motion.

Secondly and lastly, the defendant contends that the court erred in directing a verdict for the plaintiff. We do not see how that contention can prevail since the evidence to which we have referred, and the factual situation as disclosed thereby, were not in dispute. If the trial judge had directed a verdict for the full amount of plaintiff's claim, perhaps a different question would have been presented for solution, but he refrained from doing so and directed a verdict for the $3,500 less $1,250 allowed for services to the receiver, or $2,250, with $90 interest, in all $2,340. It will thus be observed that it cannot very well be said that the defendant has any just cause for complaint as to the verdict directed, since it was manifestly favorable to him and not in any sense harmful.

The result is that the judgment below will be affirmed, with costs.